UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALLEGHENY CASUALTY COMPANY,

    Plaintiff,

v.      Case No: 6:12-cv-1363-Orl-36KRS

UNITED CONSTRUCTION COMPANY
OF CENTRAL FLORIDA, INC., BARRY
W. CLARAMBEAU, RHONDA
CLARAMBEAU and HEATHER GLEN
ENTERPRISES, LLC,

    Defendants.
_____/

## ORDER

This cause comes before the Court upon the Report and Recommendation filed by Magistrate Judge Karla R. Spaulding on February 6, 2013 (Doc. 22). In the Report and Recommendation, Judge Spaulding recommends that the Court dismiss this case without prejudice for lack of subject matter jurisdiction. Doc. 22, p. 7. On February 19, 2013, Plaintiff Allegheny Casualty Company ("Plaintiff") filed a Response to the Report and Recommendation ("Objection") (Doc. 24). The Report and Recommendation is ripe for review.

## BACKGROUND

Plaintiff filed a complaint against Defendant United Construction Company of Central Florida, Inc. ("United"), Barry W. Clarambeau, Rhonda Clarambeau and Heather Glen Enterprises, LLC ("Defendant Glen") asserting various state law causes of action. Doc. 1. Plaintiff asserted that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Id.* Plaintiff alleged that it is "a corporation organized and existing under the laws of the State of New Jersey [and] maintains its principal place of business in Newark, Essex County, New

Jersey." *Id.* at ¶ 3. Plaintiff alleged that United is a corporation organized and existing under the laws of Florida and maintains its principal place of business in Orlando. *Id.* at ¶ 4. Plaintiff alleged that each of the individual Defendants is a citizen of Florida, and that Defendant Glen is a Florida corporation whose principal place of business is in Daytona, Florida. *Id.* at ¶¶ 5-7.

On January 7, 2013, the Court issued an Order requiring Defendant Glen to file a notice stating the citizenship of its members. Doc. 18. As an entry of default had been entered against Defendant Glen, Plaintiff submitted printouts from the Florida Secretary of State website indicating that Barry W. Clarambeau was the managing member of Defendant Glen. *See* Doc. 19-Ex. 1. However, because this information did not show that Barry W. Clarambeau was the only member of Defendant Glen, the Court issued an Order on January 10, 2013 requiring Plaintiff to show cause as to why the case should not be dismissed for lack of subject matter jurisdiction. Doc. 20. Plaintiff responded to the Order on January 22, 2013. Doc. 21.

In her Report and Recommendation, Magistrate Judge Spaulding found that Plaintiff was responsible for alleging sufficient jurisdictional facts in its Complaint, and because it did not do so, she recommended dismissing Plaintiff's complaint without prejudice. Doc. 22, p. 6.

On February 6, 2013, Plaintiff filed an Amended Complaint, again alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. Doc. 23. In the Amended Complaint, Plaintiff alleges that each of the members of Defendant Glen is a citizen of Florida. *Id.* at ¶ 8. In its Objection, Plaintiff explains that it filed the Amended Complaint in response to the Magistrate Judge's Report and Recommendation. Doc. 24, p. 2.

## **STANDARD**

Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a

magistrate judge. When a party makes a timely and specific objection to a finding of fact in a Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the magistrate judge. Fed. R. Civ. P. 72(b)(3). The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.*

## **ANALYSIS**

Upon review, the Court finds that the Magistrate Judge's Report and Recommendation was appropriate, given the status of the case on the date that it was issued. Indeed, the well pled facts in Plaintiff's Complaint were insufficient to establish diversity jurisdiction given Defendant Glen's LLC status, and thus the Magistrate Judge appropriately recommended dismissal without prejudice. Doc. 22, p. 4; *see Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1021-22 (11th Cir. 2004).

Nevertheless, on the same day that Magistrate Judge Spaulding issued the Report and Recommendation, Plaintiff filed an Amended Complaint, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. Doc. 23. Specifically, Plaintiff maintains that all members of Defendant Glen, an LLC, are citizens of Florida. *Id.* at ¶ 8.[1]

---

[1] Plaintiff has been advised that all of its pleadings must be consistent with Federal Rule of Civil Procedure 11. *See* Doc. 22, p. 7; Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading, written motion or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances … the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery").

Therefore, after careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the court file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects. Additionally, the Court will accept Plaintiff's Amended Complaint (Doc. 23) as the operative complaint in this case.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation of the Magistrate Judge (Doc. 22) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2. The Amended Complaint (Doc. 23), filed on February 6, 2013 is accepted by the Court as the operative pleading. Plaintiff has sufficiently alleged diversity jurisdiction in the Amended Complaint.

**DONE** and **ORDERED** in Orlando, Florida on April 2, 2013.

Charlene Edwards Honeywell
United States District Judge

**Copies furnished to:**
Counsel of Record
Unrepresented Parties
U.S. Magistrate Judge Karla R. Spaulding