UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ALLEGHENY CASUALTY COMPANY,**

        **Plaintiff,**

**v.**                                              **Case No: 6:12-cv-01363-CEH-KRS**

**UNITED CONSTRUCTION COMPANY
OF CENTRAL FLORIDA, INC.,
BARRY W. CLARAMBEAU, RHONDA
CLARAMBEAU and HEATHER GLEN
ENTERPRISES, LLC.,**

        **Defendants.**

## ORDER

This cause comes before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Karla R. Spaulding, filed on December 20, 2013. Doc. 38. In the Report and Recommendation, the Magistrate Judge recommends that the Court grant in part and deny in part Plaintiff Allegheny Casualty Company's ("Allegheny") Renewed Motion for Default Final Judgment ("Renewed Motion") (Doc. 36) against Defendants United Construction Company of Central Florida, Inc. ("United"), Barry W. Clarambeau ("B. Clarambeau"), Rhonda Clarambeau ("R. Clarambeau") and Heather Glen Enterprises, LLC ("HGE"), (collectively "Defendants"). No objections to the Report and Recommendation have been filed and the time to do so has expired. As such, this matter is ripe for review.

**I.    BACKGROUND**

On September 7, 2012, Allegheny filed suit against Defendants based on diversity jurisdiction and asserted state law causes of action arising from the alleged breach of an indemnity agreement. Doc. 1 ("Complaint"). Specifically, the Complaint contains six Counts: Count I -

Specific Performance/Injunctive Relief and Demand for Posting of Collateral against all Defendants; Count II - Contractual Exoneration against all Defendants; Count III - Common Law Exoneration against United; Count IV - Breach of Contract: Damages/Demand for Indemnification against all Defendants; Count V - Common Law Indemnification against United; and Count VII - *Quia Timet* against all Defendants.[1] *Id.*

Allegheny served the complaint on each Defendant, but no Defendant answered or otherwise responded. Doc. Nos. 7-11. Accordingly, at Allegheny's request (Doc. Nos. 12, 13, 15), the Clerk of Court entered a default against each Defendant (Doc. 14, 16). Allegheny then filed a Motion for Default Final Judgment against Defendants. Doc. 17. This motion was denied without prejudice (Doc. 26), as Allegheny filed an Amended Complaint on February 6, 2013 to correct the jurisdictional deficiencies noted by the Court (Doc. 23).

On April 2, 2013, the Court found that the Amended Complaint sufficiently alleged diversity jurisdiction. *See* Doc. 25. Allegheny served the Amended Complaint on Defendants but, again, none of the Defendants appeared or otherwise responded. Doc. 23 at 19-20. The Clerk of Court entered new defaults against each Defendant (Doc. 28) at Allegheny's request (Doc. 20).

On May 23, 2013, Allegheny filed its first Renewed Motion for Default Final Judgment against Defendants, to which there was no response. Doc. 29. The motion was again denied without prejudice on August 1, 2013 because the Magistrate Judge found it insufficient to allow her to determine whether the requested relief should be granted. Doc. 30. Thereafter, on

---

[1] The *Quia Timet* claim is labeled Count VII. There is no Count VI in either the original or amended complaint (Doc. 23).

September 9, 2013, Allegheny filed its second Renewed Motion, as referenced above. Doc. 36. Again, there was no response.

## II.   STANDARD OF REVIEW

The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72(b)(3). The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id.* The district judge reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. Southern Ry.*, 37 F.3d 603, 604 (11th Cir. 1994).

## III.   ANALYSIS

The Court agrees with the Magistrate Judge that Defendants are liable for specific performance of the collateral security provision of the Indemnity Agreement under Count I of the Amended Complaint. Doc. 38 at 10. Allegheny has shown: "1) [it] is clearly entitled to it, 2) there is no adequate remedy at law, and 3) . . . that justice requires it." *Id.* at 9 (citing *Travelers Cas. & Sur. Co. of Am. v. Indus. Commercial Structures, Inc.*, 6:12-CV-1294-ORL-28, 2012 WL 4792906, *2 (M.D. Fla. Oct. 9, 2012) (citations omitted)). As the Magistrate Judge noted, by failing to respond to the Amended Complaint, Defendants have effectively admitted facts which are sufficient to show that Allegheny is entitled to relief under Count I of the Amended Complaint. Doc. 38 at 9-10.

Similarly, the Court agrees with the Magistrate Judge that Defendants have effectively admitted facts that establish each element of Allegheny's claim for Contractual Exoneration under Count II and for Common Law Indemnification under Count V of the Amended Complaint. *Id.* at 10-13. Moreover, the Court agrees that Counts III and VII need not now be considered because the relief sought under those claims is available under Allegheny's Contractual Exoneration claim.

*Id.* at 11 n. 3. Under Count IV, the Court agrees that, because Allegheny failed to allege the fourth element of this claim, Defendants cannot be found liable. *Id.* at 11-12.

For the above violations, Allegheny seeks a permanent injunction, money damages with interest for its principal losses and loss adjustment expenses, and an award of attorneys' fees and costs. Doc. 23. The Court agrees with the Magistrate Judge's recommendation that an injunction is appropriate which requires Defendants, jointly and severally, to post $681,464.55 in collateral as required by the Indemnity Agreement within a time established by the Court. Doc. 38 at 14. Furthermore, under the Contractual Exoneration claim, Allegheny may receive an award of damages in the amount for which its liability has already matured. *See Great Am. Ins. Co. v. Gen. Contractors & Const. Mgmt., Inc.*, 07-21489-CIV, 2008 WL 2245986, *5 (S.D. Fla. May 29, 2008). The Magistrate Judge has determined that amount to be $1,855,261.66, and the Court agrees. Doc. 38 at 14-15. Defendants will, jointly and severally, pay this amount in damages, along with post-judgment interest, to Allegheny. Additionally, finding the hourly rate and number of hours worked to be reasonable, the Court adopts the attorneys' fee hourly rate determined by the Magistrate Judge for Attorneys Jeffrey Geller, Joyce Cruz Albert, Edward Etcheverry, and Guy Harrison, as well as the number of hours worked, for a total of $10,080.00 in attorneys' fees and $1,249.29 in costs and expenses. *Id.* at 16-18.

Finally, the Court agrees with the Magistrate Judge that the Court should not reserve jurisdiction to amend the judgment and that Allegheny does not have the "right to pursue additional or supplemental suits for damages not awarded herein." *Id.* at 18-20.

## IV. CONCLUSION

After careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the court file, the Court is of the opinion that the

Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.[2]

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation of the Magistrate Judge (Doc. 38) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

2. Plaintiff Allegheny's Renewed Motion for Default Final Judgment (Doc. 36) is **GRANTED in part and DENIED in part**. The Renewed Motion is **GRANTED** as to Counts I, II, and V, and **DENIED** as to Counts III, IV and VII.

3. Plaintiff is awarded damages against Defendants in the amount of $1,855,261.66, attorneys' fees in the amount of $10,080.00, and costs in the amount of $1,249.29, for a total award of $1,866,590.95.

4. The Clerk of Court is **DIRECTED** to enter a judgment in favor of Plaintiff Allegheny Casualty Company and against Defendant United Construction Company of Central Florida, Inc. on Counts I, II, and V, and against Defendants Barry W. Clarambeau, Rhonda Clarambeau and Heather Glen Enterprises, LLC on Counts I and II, jointly and severally, in the amount of $1,866,590.95;

5. The Court hereby **ENJOINS** and **ORDERS** Defendants, jointly and severally, to post $681,464.55 in collateral by **March 3, 2014**;

6. The Court **DECLINES** to reserve jurisdiction over this action to amend the judgment;

---

[2] The Court notes that on page 10 of the Report and Recommendation, the correct date reference with respect to losses incurred by Allegheny is June 28, 2012, not June 28, 2010.

5

7. The Court does not find that Allegheny has the right to pursue additional or supplemental suits to recover damages not awarded herein; and

8. The Clerk of Court is **DIRECTED** to terminate all pending motions and deadlines and close this file.

**DONE** and **ORDERED** in Orlando, Florida on February 3, 2014.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
United States Magistrate Judge Karla R. Spaulding